TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| DAVID JOMAYFRY CHAULIZANT MERCADO<br>Apelante<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO, DEPARTAMENTO DE SEGURIDAD PÚBLICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>Apelado | KLAN202400513 | Apelación procedente del Tribunal de Primera Instancia Sala de Aguadilla<br><br>Caso Núm. AG2023CV01490<br><br>Sobre: Revisión Administrativa |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 20 de septiembre de 2024.

Comparece el señor David Jomayfry Chaulizant Mercado (señor Chaulizant Mercado o apelante), mediante recurso de *apelación,* solicitando que revoquemos la *Resolución[1]* emitida por el Tribunal de Primera Instancia, Sala Municipal de Aguadilla, (TPI), el 27 de marzo de 2024. En su determinación, el foro *aquo* declaró *No Ha Lugar* un *recurso de revisión* presentado por el recurrente, por lo que sustuvo la determinación del Negociado de la Policía de Puerto Rico (NPPR) denegando la expedición de una licencia de armas solicitada por el señor Chaulizant Mercado.

Tras evaluar los asuntos ante nuestra consideración, hemos determinado *Revocar*.

### I. **Resumen del tracto procesal**

El señor Chaulizant Mercado presentó una solicitud de licencia de arma ante el NPPR, identificada con el alfanumérico 53144B. Sin embargo,

---

[1] Aunque el dictamen apelado se denominó *Resolución*, se trata de una *Sentencia*, en tanto puso fin a la controversia que tenía ante su consideración el TPI. *De Jesús v. Corp. Azucarera de P.R.*, 145 DPR 899,903 (1998).

el 1 de junio de 2023, recibió una carta del Comisionado Auxiliar en Investigaciones Criminales, Coronel Rivera Miranda, informándole lo siguiente, *le deniego su solicitud por el artículo 2.02D(3); debido a que usted no cumple con los requisitos establecidos por ley[2]*.

Insatisfecho, el señor Chaulizant Mercado instó una moción de reconsideración ante el propio NPPR, la cual no fue atendida.

A raíz de ello, el 19 de septiembre de 2023, el apelante presentó un *recurso de revisión de decisión administrativa* ante el TPI, amparándose en las disposiciones del Artículo 2.02 (d)(4) y (d)(5) de la Ley de Armas de Puerto Rico de 2020*, infra.* En síntesis, arguyó que el NPPR incidió en su determinación de denegar la expedición de la licencia de armas, pues él había realizado todos los trámites necesarios para su obtención, y cumplía con los requisitos dispuestos en el Artículo 2.02 de la citada ley. En consonancia, solicitó al Tribunal que pautara una vista para dilucidar el asunto.

Luego de varias incidencias procesales, que no nos resultan necesario particularizar, el 28 de febrero de 2024, fue celebrada la vista para considerar la petición del recurrente. Según quedó plasmado en la *Resolución* resultante, a la referida vista compareció el señor Chaulizant Mercado junto a su representante legal, y el teniente Ferreira García, del Registro de Armas de la Policía de Puerto Rico, por el NPPR. Allí el teniente Ferreira García declaró que **la negativa para la expedición de la licencia de armas se fundamentó en que el señor Chaulizant Mercado había sido convicto por delito grave**[3]. Adujo, además, que la eliminación de los delitos del expediente penal del apelante no lo facultaba a tener una licencia de armas, sino que tal acto tenía como propósito que pudiera

---

[2] Apéndice del recurso de *apelación*, página 18.
[3] Se desprende de los autos que el recurrente fue acusado en 2011 por la comisión de dos violaciones a la Ley de Sustancias Controladas y una violación al Código Penal de 2004. Tras lograr un acuerdo con el Ministerio Público, registró alegación de culpabilidad por dos violaciones al Art. 4.06 de la Ley de Sustancias Controladas. La violación al Código Penal fue reclasificada como menos grave bajo el Art. 203 del mencionado Código. Por estos delitos el recurrente fue sentenciado a cumplir cuatro años bajo el régimen de probatoria, finalizando la misma el 19 de diciembre de 2015 de manera satisfactoria.

realizar su vida y tener un trabajo. Por su parte, el apelante sostuvo que había cumplido con todos los requisitos legales para obtener la licencia solicitada, y las condenas que cumplió por los delitos aludidos habían sido eliminadas de sus antecedentes penales, por disposición del Artículo 4 de la Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales, *infra.*

Luego del foro apelado considerar un memorando de derecho presentado por el apelante, el 27 de marzo de 2024 emitió la *Resolución* cuya resolución se nos solicita, sosteniendo la denegatoria a expedición de licencia de armas determinada por el NPPR. En síntesis, el tribunal *a quo* concluyó que, **a pesar de que el recurrente cuenta con un expediente negativo de antecedentes penales**, **el Artículo 2.09 de la Ley de Armas de Puerto Rico del 2020***, infra,* **dispone expresamente que la Oficina de Licencias de Armas no expedirá licencia de armas a cualquier persona que haya sido convicta por cualquier delito grave[4]**. (Énfasis provisto).

Es así como el señor Chaulizant Mercado acude ante nosotros mediante recurso de *apelación,* solicitando la revocación de la referida *Resolución,* para lo cual alzó los siguientes señalamientos de error:

> **Primer Error:** Erró el Honorable Tribunal de Primera Instancia al utilzar los antecedentes penales eliminados conforme a derecho del señor David Jomayfry Chaulizant Mercado contrario a lo resuelto *Milton Cedeño v. Superitendente de la Policía,* 125 DPR 603 (1990).
>
> **Segundo Error:** Erró el Honorable Tribunal de Primera Instancia al imponer requisitos adicionales a los establecidos por el Artículo 2.02 (a) de la Ley Número 168 del 11 de diciembre de 2019, según enmendada, concida como la Ley de Armas de Puerto Rico 2020, extralimitando su poder, en violación de los derechos constitucionales del señor David Jomayfry Chaulizant Mercado y en contravención de la intención legislativa entre el derecho constitucional de una persona a poseer y portar armas y el derecho del estado a regularlo.
>
> **Tercer Error:** Erró el Honorable Tribunal de Primera Instancia al no celebrar una vista dentro del término establecido en el Artículo 2.02 (d) (5) de la Ley Número 168 de 11 de diciembre de 2019, según enmendada, conocida como al Ley de Armas

---

[4] Apéndice del recurso de apelación, pág. 4.

de Puerto Rico 2020, en violación de los derechos constitucionales del señor David Joumayfry Chailizant Mercado y en contravención de la intención expresa de la asamblea legislativa.

Por tal motivo, concedimos oportunidad al NPPR para que se expresara sobre los méritos del recurso de apelación. En cumplimiento, este compareció ante nosotros, a través de la Oficina del Procurador General, mediante *Alegato*.

Contando con los escritos de las partes, estamos en posición de resolver.

## II. Exposición de Derecho

### A. Ley de armas de Puerto Rico

La Ley Núm.168-2019, también conocida como la Ley de Armas de Puerto Rico de 2020, según enmendada (25 LPRA sec. 461 *et seq.),* dispone en su Artículo 2.02(a), que la Oficina de Expedición de Licencias de Armas expedirá la licencia de armas a todo peticicionario que cumpla con los requisitos siguientes:

(1) Haber cumplido veintiún (21) años de edad; o haber cumplido dieciocho (18) años de edad y haber juramentado como integrante del Negociado de la Policía, Policía Municipal u Oficial de Custodia del Departamento de Corrección.
**(2) Tener un expediente negativo de antecedentes penales y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero.**
(3) No ser adicto a sustancias controladas o ebrio habitual.
(4) No estar declarado incapaz mental por un Tribunal con jurisdicción.
(5) No haber sido separado de manera deshonrosa de las fuerzas armadas, de alguna agencia del orden público o por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, o por el uso indebido de su arma de fuego.
(6) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno constituido.
(7) No estar bajo una orden del tribunal, o haber estado en cualquier momento durante los pasados doce meses previos a la fecha de solicitud, que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, algún familiar de este o a persona alguna.
(8) Ser ciudadano o residente legal de Estados Unidos de América.
(9) No ser persona impedida por el "Federal Gun Control Act of 1968" a recibir, transportar o enviar armas de fuego o municiones. 25 LPRA sec.462a.

(Énfasis provisto).

Más adelante en el mismo estatuto, pero en su Artículo 2.09, también dispone lo que sigue:

> La Oficina de Licencias de Armas **no expedirá licencia de armas, o de haberse expedido se revocará, la licencia de armas de cualquier persona que haya sido convicta, en Puerto Rico, en cualquier otra jurisdicción estadounidense de cualquier delito grave o su tentativa**, por delito menos grave que conlleve violencia, por conducta constitutiva de violencia doméstica, según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, o conducta constitutiva de acecho, según tipificada en la Ley 284-1999, según enmendada, ni por conducta constitutiva de maltrato de menores, según tipificada en la Ley 246-2011, según enmendada, "Ley para la Seguridad, Bienestar y Protección de Menores" [...]. 25 LPRA sec. 462h. (Énfasis nuestro).

### B. Ley para la Expedición de Certificados de Antecedentes Penales

Por otra parte, la Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales, Ley Núm. 254 de 27 de julio de 1974, según enmendada, (Ley Núm. 254), (34 LPRA sec. 1725 *et seq.*) dispone, en lo pertinente, que:

> Toda persona que haya sido convicta de un delito grave **que no esté sujeta al Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores, ni al Registro de Personas Convictas por Corrupción**, podrá solicitar del Tribunal de Primera Instancia una orden para la eliminación de la convicción del Certificado de Antecedentes Penales, **siempre que concurran las siguientes circunstancias:**
>
> **(a) que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno;**
> **(b) que tenga buena reputación en la comunidad; y**
> **(c) que se haya sometido a la muestra requerida por la Ley del Banco de Datos de ADN, de estar sujeta a ello.**
> El peticionario acompañará los documentos necesarios para probar las alegaciones de su petición. El Ministerio Público podrá oponerse o allanarse a la petición, en cuyo caso no será necesario celebrar vista. Art.4, 34 LPRA sec.1725a-2.
>
> (Énfasis provisto).

### C. Jurisprudencia pertinente

En *Muñoz, Torres v. Superintendente Policía,* 125 DPR 603 (1990), nuestro Tribunal Supremo confrontó y contestó específicamente la interrogante sobre cuál era el alcance de la ley que, en aquel momento, disponía sobre la eliminación del récord penal, Ley Núm. 108 de 21 de junio de 1968, 34 LPRA secs. 1731-1733[5], (Ley Núm. 108-1968), frente a los

---

[5] Esta ley fue derogada. Su equivalente al presente es la Ley Núm. 254-1974, que citaremos en esta misma exposición de derecho más adelante. Sin embargo, la citamos aquí, tal cual se hizo en la Opinión bajo discusión.

estatutos que regulaban las solicitudes de licencia para tener y poseer un arma de fuego; Artículo 5 de la Ley de Tiro al Blanco, (15 LPRA sec.375), y el Artículo 17 de la Ley de Armas de Puerto Rico, Ley Núm. 69 de 27 de mayo de 1980, (25 LPRA sec. 427)[6], respectivamente. Inició la contestación de esta interrogante citando el precedente establecido en *Pueblo v. Ortiz Martínez*, 123 DPR 820 (1989), a los fines de que ***la eliminación de la convicción del récord penal tiene efecto sobre todo asunto jurídico pertinente***. Plasmó el mismo alto Foro, que se logra el propósito legislativo de la Ley Núm. 108-1968, cuando los tribunales no toman en consideración las convicciones borradas del récord penal para efectos de determinar la concesión de una sentencia suspendida. Añadió que, *carecería de todo propósito que el legislador autorizara su eliminación y su certificación negativa,* (de los antecedentes penales)*, si todavía pudieran utilizarse por los tribunales. Íd.*

Una vez que el Tribunal Supremo discutió en *Muñoz, Torres v. Superintendente Policía, supra,* el precedente establecido en *Pueblo v. Ortiz Martínez,* supra, entonces atendió expresamente cómo se relacionaba la Ley Núm. 108-1968, con las leyes de armas que autorizan la obtención de las licencias de armas. Allí el alto Foro reconoció que las leyes de armas citadas establecían una veda absoluta a la concesión de licencia de armas a los solicitantes que hubiesen sido convictos por los delitos que tales estatutos identificaban, pero advirtió que **dichos estatutos no tomaban en consideración los casos en que las convicciones hubiesen sido eliminadas bajo el procedimiento establecido en la Ley núm. 108-1968**. Hecha esta advertencia, el Tribunal Supremo entonces concluyó que, a tenor con la política pública contenida en la Ley Núm. 108-1968, **las referidas vedas contenidas en las leyes de arma *no privan a una persona de sus beneficios si legítimamente ha logrado eliminar de su***

---

[6] Ambas leyes fueron derogadas. Su equivalente al presente es la Ley Núm.168- 2019, que también citaremos más adelante en esta exposición del derecho.

***récord la convicción por los delitos allí establecidos****. Muñoz, Torres v.*

*Superintendente Policía, supra,* pág. 609. Con mayor especificidad, el alto

Foro plasmó:

> Resolvemos que, en su verdadero alcance, el Art. 2 de la Ley de Sentencia Suspendida, [34 L.P.R.A. sec. 1725a], no priva a una persona de sus beneficios si bajo los cauces legales disponibles ha logrado eliminar su convicción de delito grave y posee un Certificado Negativo de Antecedentes Penales legítimamente expedido por el Superintendente de la Policía. Después de todo, los efectos de la Ley Núm. 254 de 27 de julio de 1974 (34 L.P.R.A. sec. 1725), reguladora de los Certificados de Antecedentes Penales archivados en la Policía –que únicamente puede cubrir sentencias condenatorias– van más allá del ámbito civil. Carecería de propósito que el legislador autorizara su eliminación y su certificación negativa si todavía pudieran utilizarse por los tribunales. *Íd.*

A pesar de lo antes expresado, en *Rivera Pagán v. Supte. Policía de*

*P.R* 135 DPR 789 (1994), el Tribunal Supremo abordó una vez más la

corrección de una determinación del Superintendente de la Policía al

denegar conceder una licencia de armas a un ciudadano que fue convicto

por dos delitos graves, (tentativa de asesinato, y violación a la Ley de

armas), a pesar de que posteriormente se le habían borrados tales

convicciones de su récord penal. En específico, el alto Foro manifestó que,

no obstante dichas condenas hubiesen sido eliminadas de conformidad con

la Ley Núm. 108-1968, **este mismo estatuto excluía de su aplicación las**

**condenas que implicaran depravación moral, constituyendo la**

**tentativa de asesinato depravación moral**. En la misma tónica, el

Tribunal Supremo recalcó que, a pesar de que la Ley Núm. 108-1968 había

sido enmendada por la Ley Núm. 44 del 1ro de junio de 1983, (34 LPRA.

Secs. 1731(b), 1732, y 1733), para hacer extensiva la eliminación del récord

penal de las convicciones por delitos graves que no estuviesen enumerados

en la ley, en la enmienda se había mantenido la exclusión para los delitos

que implicaran depravación moral.

Respecto a esto último, la Ley Núm. 108, *supra,* disponía a la fecha

de la Opinión bajo discusión, en lo pertinente, lo siguiente:

> Toda persona que haya sido convicta de delito menos grave o delito grave que no fuere asesinato, homicidio voluntario, robo, incesto, extorsión, violación, sodomía, actos lascivos o impúdicos, secuestro, robo de menores, escalamiento agravado, incendio agravado, venta y/o distribución de sustancias controladas,

sabotaje de servicios públicos esenciales, la posesión, uso o venta de armas automáticas, cualquier violación a las secs. 561 et seq. del Título 25 que constituya delito grave y cualquier delito grave que surja como consecuencia de la posesión o uso ilegal de explosivos o detonadores, artefactos podrá solicitar y obtener del Tribunal de Distrito de Puerto Rico una orden para que dichas convicciones sean eliminadas de su récord penal, siempre que en el caso concurran las siguientes circunstancias:

**(a) Que los delitos por los cuales fue convicto no impliquen depravación moral.**

(b) Que hayan transcurrido cinco (5) años desde la última convicción, en los casos de delitos menos graves, y quince (15) años desde la última convicción en los casos de delitos graves, y durante ese tiempo no haya cometido delito alguno. 34 L.P.R.A. sec. 1731.

(Énfasis provisto).

En definitiva, y continuando con la discusión de la misma Opinión, una vez el Tribunal Supremo calificó la tentativa de asesinato como un delito que conllevaba depravación moral, concluyó que no podía eliminarse del récord penal por causa de la exclusión que a esos efectos contenía el inciso (a) de la Ley Núm. 108, sobre depravación moral[7]. Entonces, por cuanto el delito de tentativa de asesinato permanecía en el récord penal del allí recurrido, se entendía que infringía directamente la prohibición de la Ley de Armas a conceder licencia de armas a una persona que mantuviera en su récord penal convicción por delito grave.

**III.    Aplicación del Derecho a los hechos**

Los primeros dos señalamientos de error son susceptibles de discusión conjunta, así lo haremos.

Según adelantamos en la exposición de derecho, en *Muñoz, Torres v. Superintendente Policía, supra,* nuestro Tribunal Supremo expresamente determinó que *la eliminación de los delitos del récord criminal incide sobre las disposiciones de la Ley de Armas referentes a la obtención de una licencia de arma,* salvo cuando por disposición de ley, hubiesen sido excluidos ciertos delitos de ser eliminados del expediente criminal.

---

[7] No pasa inadvertido que, aunque en su *Alegato* el Procurador General aludió a esta Opinión, no incluyó alusión alguna a la importante salvedad de que, al momento de haberse atendido la situación de hechos allí planteada, la ley que habilitaba la eliminación de las convicciones en los antecedentes penales contenía la exclusión sobre delitos que supusieran depravación moral, a base de la decisión del Tribunal Supremo, para concluir que el allí recurrido no cumplía con los requisitos de ley para obtener la licencia solicitada..

Por tanto, aún sin considerar las múltiples enmiendas que ha sufrido la legislación que permite la eliminación de las convicciones del Certificado de Antecedentes Penales, y tomando solo de referencia el razonamiento expuesto en *Muñoz, Torres v. Superintendente Policía, supra,* sería suficiente para concluir que incidió el foro apelado al determinar que el NPPR estaba impedido de conceder la licencia de armas solicitada por el apelante. Ello, por cuanto el foro apelado solo consideró la veda establecida por el Artículo 2.09 de la Ley Núm. 168-2019 para la concesión de licencia de armas a personas con antecedentes por delitos graves, sin sopesar la relación de dicho estatuto con la *Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales*, Ley Núm. 254-1974. Precisamente, desde *Muñoz, Torres v. Superintendente Policía, supra,* el Tribunal Supremo estableció que las referidas vedas contenidas en las leyes de armas ***no privan a una persona de sus beneficios si legítimamente ha logrado eliminar de su récord la convicción por los delitos allí establecidos***. *Íd.,* pág. 609.

Con todo, cabe distinguir *Rivera Pagán v. Supte. Policía de P.R,* supra*,* de la situación ante nuestra consideración. Tal cual explicamos en la exposición de derecho, al momento en que fue emitida dicha Opinión, la Ley 108-1968 contenía una serie de exclusiones por delitos específicos que, de presentarse, imposibilitan la eliminación de las convicciones del certificado de antecedentes penales. Precisamos, además, que la referida legislación excluía del beneficio de la eliminación de las convicciones del certificado de antecedentes penales a las condenas que implicaran depravación moral.

Sin embargo, al aprobarse la *Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales*, Ley Núm. 254-1974, estatuto vigente al momento en que el TPI dilucidó la controversia ante nuestra consideración[8], a todas luces el legislador determinó

---

[8] Valga advertir que la Ley Núm. 254 fue recientemente enmendada mediante la Ley Núm. 56 de 21 de marzo de 2024, pero tales enmiendas no varían en modo alguno el resultado aquí alcanzado.

prescindir de la nomenclatura *condenas por depravación moral,* como obstáculo para lograr la eliminación de la convicción en el certificado de antecedentes penales[9]. La legislación vigente solamente excluye de la eliminación del expediente criminal, **las convicciones por delitos sexuales violentos, abuso contra menores, y a quienes estén incluidos en el Registro de Personas Convictas por Corrupción**[10].

Es un hecho incontrovertido en este caso que, al momento de la solicitud para la expedición de la licencia de armas, el expediente de antecedentes penales del señor Chaulizant Mercado era uno negativo[11], habiendo satisfecho a cabalidad los requisitos que para ello impone la Ley Núm. 254-1974. Tal eliminación de las convicciones del apelante fue posibilitada, entre otros, porque los delitos por los cuales este resultó convicto **no** estaban dentro de aquellos que la Ley Núm. 254-1974 expresamente excluyó de tal beneficio. Con mayor precisión, (y contrario a los hechos de *Rivera Pagán v. Supte. Policía de P.R,* supra.), en el caso ante nuestra consideración la Ley Núm. 254, supra, sí permitía que fueran eliminadas las convicciones que tenía el apelante en su certificado de antecedente penal, puesto que no resultaban de delitos graves sujetos al *Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores*, ni al *Registro de Personas Convictas por Corrupción.*

Entonces, y cónsono con el razonamiento expuesto en *Muñoz, Torres v. Superintendente Policía, supra,* puesto que la eliminación de las condenas del antecedente penal del apelante, según previstas en la Ley Núm. 254-1974, *incide sobre las disposiciones de la Ley de Arma*s *que vedan la obtención de una licencia de armas*, concluimos que el TPI debió haber partido de la realidad jurídica de la eliminación de las condenas graves en

---

[9] Es de notar que desde la enmienda introducida por la Ley Núm. 314-2004, el legislador no solo eliminó la disposición que hacía referencia a la depravación moral, sino que además redujo el término de quince años para los delitos graves a cinco años.

[10] Es evidente que los delitos que se relacionan con estas tres excepciones a la eliminación de las condenas en los certificados de antecedentes penales **continúan estando íntimamente ligadas a consideraciones sobre depravación moral**.

[11] Según surge de las conclusiones de derecho en la página 4 de la *Resolución* del Tribunal de Instancia.

el certificado de antecedentes penales del apelante, al momento de decidir sobre si este cumplía con todos los requisitos para obtener la licencia de armas solicitada. Sobre lo mismo, dado que el apelante goza de un expediente de antecedentes penales negativo, según así fue la voluntad del legislador al aprobar la Ley Núm. 254-1974, y este cumplir con sus requisitos, el foro primario no podía tomar en consideración las convicciones eliminadas para efectos de sopesar la petición de obtener la licencia de armas solicitada.

Finalmente, nótese que el único fundamento que ofreció el NPPR para negar la concesión de la licencia de armas al apelante, y que acogió el TPI, fue la prohibición que surge de la Ley de Armas a que se expida tal licencia **cuando el solicitante no tiene un expediente negativo de antecedentes penales**. Esta premisa es incorrecta en derecho pues el hecho jurídico cierto es que el apelante cuenta con un expediente negativo de antecedentes penales, por virtud de lo que el legislador dispuso a través de la Ley Núm. 254-1974, por lo que la denegatoria de la licencia de armas careció de sustento legal.

**IV.    Parte dispositiva**

Por los fundamentos que anteceden, *Revocamos* la *Resolución* emitida por el Honorable Tribunal de Primera Instancia, Sala de Aguadilla y ordenamos la expedición de la licencia solicitada por el señor Chaulizant Mercado.

Notifíquese

Lo acordó el Tribunal y lo certifica su Secretaria.


                                         Lcda. Lilia M. Oquendo Solís
                                    Secretaria del Tribunal de Apelaciones