MILTON MUÑOZ CEDEÑO, demandante y recurrente, *v.* HON.
SUPERINTENDENTE DE LA POLICÍA DE PUERTO RICO,
demandado y recurrido; JOSÉ M. TORRES DÍAZ, recu-
rrido, *v.* SUPERINTENDENTE DE LA POLICÍA, peticiona-
rio.

*Números:* RE-88-232     *Resueltos:* 7 de marzo de 1990
CE-88-267

Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Josefa Román García y Miriam Álvarez Archilla, Procuradoras Generales Auxiliares, abogados de El Pueblo; Pedro T. Anca Marín, abogado de José M. Torres Díaz, recurrido; Gilberto Limardo Rodríguez, de Servicios Legales de Puerto Rico, Inc., abogado de Milton Muñoz Cedeño, recurrente.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Esta opinión, secuela de la emitida el 16 de junio de 1989 en el caso de *Pueblo v. Ortiz Martínez*, 123 D.P.R. 820 (1989), nos da la oportunidad de aclarar el alcance de la Ley Núm. 108 de 21 de junio de 1968, según enmendada, 34 L.P.R.A. secs. 1731–1733 —que regula la eliminación de convicciones— sobre las leyes que regulan las solicitudes de licencia para tener y poseer un arma de fuego (Art. 18 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 428) y para licencia bajo el Art. 5 de la Ley de Tiro al Blanco, 15 L.P.R.A. sec. 375.

En el caso CE-88-267 revisamos, a pedidos del Superintendente de la Policía, la sentencia del Tribunal Superior, Sala de Utuado, que le ordenó expedir a nombre del peticionario José M. Torres Díaz una licencia de tiro al blanco. El señor Torres Díaz había sido convicto en 1977 por una infracción al Art. 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. sec. 416, y se le concedió una sentencia suspendida. Eventualmente, esta convicción fue eliminada de su récord por medio del mecanismo provisto por la Ley Núm. 108, *supra.* El tribunal razonó que:

La controversia a resolver es si un ciudadano al cual se le eliminó de su récord penal una convicción, conforme a los pro-

cedimientos establecidos por ley, puede disfrutar del privilegio de una Licencia de Tiro al Blanco, habiéndose estipulado que de declarar ciertos testigos, declararían que hoy día es un ciudadano ejemplar, totalmente rehabilitado, buen esposo, buen padre de familia y de magnífica reputación en la comunidad.

Somos del criterio de [sic.] que la intención legislativa de la Ley 108, [*supra*], fue eliminar del récord penal del ciudadano, convicciones por delitos menos grave, todo ello como medida de valor social y rehabilitador.

S[i] bien es cierto que el peticionario en un momento de su vida cometió un delito por el cual cumplió, no es menos cierto que conforme a la prueba estipulada, hoy día es un ciudadano completamente rehabilitado, sin récord penal alguno.

Consideramos altamente injusto que el peticionario cargue sobre sus hombros, por toda su vida, la cruz de un delito menos grave, cometido hace años y por el cual ya le respondió al Pueblo de Puerto Rico, máxime cuando dicho delito ha sido eliminado de su récord. Esto iría en contra de toda intención rehabilitadora. Anejo 1, págs. 2–3.

Consolidamos dicho caso en el RE-88-232, *Muñoz Cedeño v. Superintendente de la Policía*, en el cual expedimos el auto solicitado por el ciudadano Muñoz Cedeño para revisar la sentencia dictada por el Tribunal Superior, Sala de Ponce, que denegó la solicitud para tener y poseer un arma por haber sido el peticionario convicto de infracción al Art. 6 de la Ley de Armas de Puerto Rico, *supra*. Ello a pesar de que dicha convicción había sido eliminada bajo la Ley Núm. 108, *supra*.

Por los fundamentos que expondremos a continuación, confirmamos la sentencia de la Sala de Utuado y devolvemos el caso de la Sala de Ponce para ulteriores procedimientos.

En *Pueblo v. Ortiz Martínez*, supra, resolvimos que la eliminación de la convicción del récord penal tiene efecto sobre todo asunto jurídico pertinente, incluso lo relativo a una convicción anterior como impedimento para la concesión de una sentencia suspendida. Allí establecimos que:

Aclarado el ámbito de la Ley Núm. 108, *supra*, expongamos sus efectos. El dictamen del Tribunal de Distrito ordenará al Superintendente de la Policía y al custodio de los récord criminales de dicho Cuerpo la eliminación de las convicciones del récord penal interesadas. De igual forma, deberá dirigirse al Secretario del tribunal o a los tribunales en que se originaron.

A partir de ese mandato, las convicciones serán eliminadas de todo registro y de toda inscripción, constancia o referencia que exista bajo la custodia de los funcionarios antes indicados, quedando prohibido aludirlas o certificarlas directa o indirectamente. De ese modo, logra plena virtualidad la filosofía consagrada en la ley —congruente con un enfoque moderno de rehabilitación— de que el peticionario nunca fue acusado ni convicto del delito. Ciertamente, tanto el procedimiento judicial como el trámite administrativo establecidos en la ley vienen a llenar una laguna y a remediar una situación de injusticia que pesaba sobre aquellos ciudadanos que años atrás incurrieron en delitos, pero que después han mantenido una conducta ejemplar en nuestra sociedad. Como consecuencia de ese trámite, los tribunales no pueden tomar en consideración las convicciones así borradas. No puede darse la anomalía de que mientras de un lado el Superintendente de la Policía certifica negativamente, por otro lado el tribunal acuda a sus archivos para resucitar esas convicciones.

.Resolvemos que, en su verdadero alcance, el Art. 2 de la Ley de Sentencia Suspendida, [34 L.P.R.A. sec. 1725a], no priva a una persona de sus beneficios si bajo los cauces legales disponibles ha logrado eliminar su convicción de delito grave y posee un Certificado Negativo de Antecedentes Penales legítimamente expedido por el Superintendente de la Policía. Después de todo, los efectos de la Ley Núm. 254 de 27 de julio de 1974 (34 L.P.R.A. sec. 1725), reguladora de los Certificados de Antecedentes Penales archivados en la Policía —que únicamente puede cubrir sentencias *condenatorias*— van más allá del ámbito civil. Carecería de propósito que el legislador autorizara su eliminación y su certificación negativa si todavía pudieran utilizarse por los tribunales.

Adviértase que la Ley Núm. 254, *supra*, autoriza a la Policía a expedir estos certificados únicamente en relación con *sentencias condenatorias*. Cuando no existen, se expide un certi-

ficado *negativo.* 34 L.P.R.A. secs. 1725–1725e. *Pueblo v. Ortiz Martínez,* supra, págs. 831–832.

Veamos la situación en los casos ante nos. En el caso de Torres Díaz hubo infracción al Art. 5 de la Ley de Tiro al Blanco, *supra,* según enmendado por el Art. 2 de la Ley Núm. 124 de 21 de julio de 1988, que dispone, en lo pertinente, que:

(a) Todo ciudadano de Estados Unidos de América o extranjero podrá solicitar del Jefe de la Policía que se le expida una licencia de tirador para lo cual tendrá que facilitar toda la información requerida en los formularios de solicitud que preparará el Jefe de la Policía, y acompañará a esa solicitud un sello de rentas internas de diez (10) dólares; dos retratos 2″ x 2″, uno de los cuales deberá adherirse a la licencia que se expida; una declaración jurada haciendo constar que nunca ha sido convicto por ningún tribunal en Puerto Rico, en el exterior, o en Estados Unidos de América de delito grave, o de cualquier delito que envuelva actos de violencia o depravación moral o de delito de portar armas, excepto agresión simple y alteración a la paz, cuando no se trate de disparar en la calle o vía pública algún arma de fuego, o que sin ser un caso de legítima defensa se sacase o mostrare en presencia de dos (2) o más personas algún arma mortífera, en actitud violenta, colérica o amenazadora o que de modo ilegal se hiciere uso de dicha arma en alguna riña o pendencia. El solicitante hará constar también en dicha declaración jurada que él no pertenece ni es miembro ni está afiliado a cualquier sociedad, grupo o asamblea de personas que fomenten, aboguen por, aconsejen o prediquen la derrocación o destrucción del Gobierno de Puerto Rico o de Estados Unidos o de cualquier subdivisión política de dichos gobiernos por medio de la fuerza o la violencia o mediante el asesinato de cualquier funcionario de dichos gobiernos o subdivisión política de los mismos.

Esta sección recoge la enmienda hecha por la Ley Núm. 124 de 21 de julio de 1988, la cual no afecta el resultado a que aquí llegamos.(¹)

El Art. 17 de la Ley de Armas de Puerto Rico, según enmendado por la Ley Núm. 69 de 27 de mayo de 1980 (25 L.P.R.A. sec. 427), dispone que:

El Superintendente de la Policía de Puerto Rico no expedirá licencia para tener y poseer un arma de fuego a persona alguna que haya sido convicta, en o fuera de Puerto Rico, de cualquiera de los siguientes delitos o de tentativa para cometer los mismos: asesinato en cualquier grado, homicidio, secuestro, violación, mutilación, tentativa de cualquier delito grave, agresión agravada, cuando este delito se haya realizado con un arma cortante, punzante o de fuego, robo, escalamiento, apropiación ilegal, apropiación ilegal agravada, incendio, incendio agravado, incesto, o infracción a la Ley Núm. 53 de 10 de junio de 1948, según ha sido enmendada, o infracción a las secs. 1247 a 1257 del Título 33, o infracción a la sec. 4521

---

(¹) La ley vigente al momento de la sentencia disponía, en lo pertinente, que: "Todo ciudadano de Estados Unidos de América o extranjero podrá solicitar del Jefe de la Policía, que se le expida una licencia de tirador para lo cual tendrá que facilitar toda la información requerida en los formularios de solicitud que preparará el Jefe de la Policía y acompañará a esa solicitud un sello de rentas internas de un (1.00) dólar; dos retratos de 2″ x 2″, uno de los cuales deberá adherirse a la licencia que se expida; una declaración jurada haciendo constar que nunca ha sido convicto por ningún tribunal en Puerto Rico, en el exterior, o en Estados Unidos de América de delito grave, o de cualquier delito que envuelva actos de violencia o depravación moral o de delito de portar armas, excepto alteración a la paz y acometimiento y agresión simple, y el solicitante hará constar también en dicha declaración jurada que él no pertenece ni es miembro ni está afiliado a cualquier sociedad, grupo o asamblea de personas que fomenten, aboguen por, aconsejen o prediquen la derrocación [o] destrucción del Gobierno de Puerto Rico o de Estados Unidos o de cualquier subdivisión política de dichos gobiernos por medio de la fuerza o la violencia o mediante el asesinato de cualquier funcionario de dichos gobiernos o subdivisión política de los mismos. No se expedirá licencia de tirador a ninguna persona que no sea miembro de un club u organización de tiro al blanco debidamente reconocido por el Administrador. El Jefe de la Policía podrá negarse a expedir, o renovar, una licencia, aún después de haberse llenado los requisitos mencionados, cuando a su juicio lo creyere conveniente para la seguridad pública." Art. 5 de la Ley Núm. 75 de 13 de junio de 1953, según enmendada por la Ley Núm. 76 de 23 de junio de 1958.

del Título 33, ni a ninguna persona que sea un desequilibrado mental, un ebrio habitual o que sea adicto al uso de narcóticos o drogas, ni a ninguna persona que haya sido convicta por violación a las disposiciones de este Capítulo.

Como podemos observar, en ambos casos la ley establece una veda absoluta para concederle licencia a los solicitantes que hayan sido convictos de los delitos allí establecidos. Pero dichas leyes no toman en consideración los casos en que tales convicciones ya han sido eliminadas, como ocurrió en los casos objeto de esta opinión, bajo el procedimiento de la Ley Núm. 108, *supra.*

No vemos razón alguna para distinguir entre los que solicitan una sentencia suspendida y los que solicitan una licencia bajo las leyes de armas. Si la hay, beneficiaría a estos últimos ya que, después de todo, éstos no han sido convictos por segunda vez.[2]

Resolvemos, a tenor con la política pública establecida mediante la Ley Núm. 108, *supra,* y reconocida por este Tribunal en *Pueblo v. Ortiz Martínez,* supra, que los Arts. 5 de la Ley de Tiro al Blanco, *supra,* y 17 de la Ley de Armas de Puerto Rico, *supra,* no privan a una persona de sus beneficios si legítimamente ha logrado eliminar de su récord la convicción por los delitos allí establecidos. Dicho de otra manera, el Superintendente de la Policía tiene discreción en estos casos para expedir la licencia solicitada. En aquellos casos en que se deniegue la solicitud, los ciudadanos afectados podrán comparecer ante la Sala del Tribunal Superior correspondiente y formular de nuevo su solicitud. Art. 19(d) de la Ley de Armas de Puerto Rico, según enmendado, 25 L.P.R.A. sec. 429, en cuyo proceso se tomará la decisión a base de la prueba presentada. *Ayala Alicea v. E.L.A.,* 118

---

[2] Las convicciones en los casos bajo nuestra consideración no implican depravación moral. Por eso fueron eliminados. Véase *Morales Merced v. Tribunal Superior,* 93 D.P.R. 423 (1966).

610

D.P.R. 507 (1987); *Ex parte Negrón Wells*, 105 D.P.R. 406 (1976).

Por lo que *se confirmará la sentencia en el caso Torres Díaz v. Superintendente de la Policía, CE-88-267, y se revocará y devolverá a instancia para ulteriores procedimientos compatibles con esta opinión el caso Muñoz Cedeño v. Superintendente de la Policía, RE-88-232.*