Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| FRANCISCO MANUEL VARGAS RAMOS T/C/C FRANCISCO M. VARGAS RAMOS **APELANTE** v ESTADO LIBRE ASOCIADO DE PUERTO RICO NEGOCIADO DE LA POLICÍA DE PUERTO RICO **APELADA** | KLAN202400763 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce Caso Núm. PO2023CV03673 Sobre: Solicitud de Licencia de Armas Ley de Armas De Puerto Rico De 2020 Ley Núm. 168 De 11 de Diciembre de 2019, Según Enmendada |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

# SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

## I.

El 12 de agosto de 2024, el señor Francisco Manuel Vargas Ramos (señor Vargas Ramos o apelante) presentó una *Apelación* en la que solicitó que revoquemos una *Sentencia* emitida, notificada y archivada digitalmente por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario) el 14 de junio de 2024.[1] En el dictamen, el TPI desestimó una *Petición* promovida por el apelante en reclamo de una orden a la Oficina de Licencia de Armas del Negociado de la Policía de Puerto Rico (NPPR o parte apelada) para que le expida una licencia de armas.

El 20 de agosto de 2024, emitimos una *Resolución* en la que le concedimos al NPPR hasta el 11 de septiembre de 2024 para presentar su alegato en oposición.

---

[1] Apéndice de la *Apelación*, Anejo 11, págs. 93-102.

El 11 de septiembre de 2024, el NPPR presentó un *Escrito en Oposición* en el que solicitó que confirmemos la *Sentencia* apelada.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso y, en adelante, pormenorizamos los hechos procesales atinentes a la *Apelación*.

**II.**

El caso de marras tiene su génesis el 11 de diciembre de 2023 cuando el señor Vargas Ramos radicó una *Petición* ante el TPI para que se le ordenara al Oficina de Licencia de Armas del NPPR a expedirle a su favor una licencia de portar armas,[2] luego de que la agencia denegara su solicitud por incumplimiento con el Artículo 2.02(d)(3) de la *Ley de Armas de Puerto Rico de 2020*, Ley Núm. 168 de 2019, según enmendada, 25 LPRA sec. 462a, (Ley Núm. 168-2019).[3] Según planteó, no existía evidencia que justificara la denegatoria.

El 7 de marzo de 2024, el NPPR presentó una *Moción de Desestimación* en la que solicitó que se desestimara la *Petición* porque la denegatoria de la licencia de armas goza de una presunción de corrección que no fue rebatida por el señor Vargas Ramos.[4] Según expuso, el NPPR denegó la expedición de la licencia porque, según surgió de una investigación, el apelante no cumple con los requisitos de la Ley Núm. 168-2019, 25 LPRA sec. 461 *et seq.*, porque fue convicto por Agresión Agravada Grave y Actos Lascivos, tras declararse culpable. Esto, a pesar de que sus previas convicciones fueron eliminadas de su certificado de antecedentes penales.

El 12 de abril de 2024, el apelante radicó una *Réplica a Moción de Desestimación* en la que solicitó que se declarara No Ha Lugar la

---

[2] Íd., Anejo 6, págs. 17-33.
[3] Íd., Anejo 3, págs. 11-13.
[4] Íd., Anejo 8, págs. 37-60.

*Moción de desestimación* porque no existía causa alguna para que se le denegara la licencia de armas.[5] Según adujo, cumplía con el requisito del Artículo 2.02 inciso (2) de la Ley Núm. 168-2019, *supra,* al poseer un expediente negativo de antecedentes penales, toda vez que los delitos por los que fue convicto fueron cometidos más de treinta (30) años antes y fueron removidos de su récord por la vía judicial.

El 11 de junio de 2024, el NPPR presentó una *Moción en Oposición a Replica a Moción de desestimación* en la que reiteró que el apelante no cumplía con los requisitos de la Ley Núm. 168-2019, *supra,* para la expedición de una licencia de armas.[6] Según explicó, dicho estatuto dispone que el NPPR no deberá expedir una licencia de ese tipo si, como resultado de una investigación, surge que la persona solicitante fue convicta en Puerto Rico o en cualquier otra jurisdicción estadounidense por cualquier delito grave o su tentativa, por delitos menos grave que conlleve violencia o por conducta constitutiva de violencia doméstica.

El 14 de junio de 2024, el TPI emitió la *Sentencia* apelada en la que desestimó la *Petición*.[7] A su juicio, a pesar de que poseía un certificado negativo de antecedentes penales, el señor Vargas Ramos fue convicto por el delito de Agresión Agravada Grave, un delito grave violento, lo cual fue constatado por la investigación de la agencia y la *Sentencia* condenatoria en el caso criminal. El foro recurrido consignó:

> El 28 de enero de 1993, el peticionario se declaró culpable y [fue] sentenciado por el delito de Agresión Agravada Grave establecido en el Código Penal del 1974 y se le impuso una Sentencia de tres (3) años de cárcel. El 26 de mayo de 1994, el peticionario se declaró culpable del delito de Actos Lascivos, inciso B establecido en el Código Penal del 1974 y fue sentenciado a cuatro (4) años de cárcel. El Tribunal dictó Sentencia de conformidad en los casos JHO94G0040, 0041, JHO94G0034, 0035, JHO92G0070.

---

[5] Íd., Anejo 9, págs. 61-65.
[6] Íd., Anejo 10, págs. 66-92.
[7] Íd., Anejo 11, págs. 93-102. Notificada y archivada digitalmente en autos ese mismo día.

Esto surge de los Archivos Digitales del NPPR y de las Sentencias del Tribunal. Posteriormente, el peticionario eliminó su récord criminal.[8]

A su vez, entendió que el apelante no demostró que la determinación de la agencia fuera arbitraria, irrazonable o ilegal, ni rebatió la presunción de corrección que la cobija. Por todo ello, resolvió que el NPPR actuó correctamente al denegar la expedición de la licencia de armas al apelante porque no cumplió con los requisitos de la Ley Núm. 168-2019, *supra.*

En desacuerdo, el señor Vargas Ramos radicó la *Apelación* de epígrafe y le imputó al foro primario los siguientes errores:

Erró el Tribunal de Primera Instancia, Sala Superior de Ponce, al confirmar la decisión del Negociado de la Policía de Puerto Rico que denegó la expedición de una licencia de armas al apelante por razón de haber sido sentenciado hace 30 años por varios delitos, aun cuando estos fueron borrados de su expediente de antecedentes penales de acuerdo con el proceso prescrito para ello y según la jurisprudencia del Tribunal Supremo de Puerto Rico, tras la eliminación de los antecedentes penales, la policía y los tribunales están impedidos de "resucitar las convicciones". *Pueblo v. Ortiz Martínez,* 123 DPR 820, 832 (1989).

Erró el Tribunal de Primera Instancia, Sala Superior de Ponce, al desestimar la petición del aquí apelante al amparo de la Regla 10.2 de Procedimiento Civil sin permitir la presentación de prueba en una audiencia judicial para demostrar que satisface todos los requisitos legales para ser acreedor a una licencia de armas.

En síntesis, arguye que las condenas eliminadas del expediente de antecedentes penales no pueden ser utilizadas para denegar la expedición de la licencia de armas

El 11 de septiembre de 2024, la parte apelada presentó un *Escrito en oposición* en el que solicitó que confirmemos la *Sentencia* apelada y, por consiguiente, validemos la denegatoria de la licencia de armas. Según argumentó, a pesar de que cuenta con un certificado negativo de antecedentes penales, el señor Vargas Ramos fue convicto por Agresión Grave Agravada y Actos Lascivos, lo cual impide que se le conceda una licencia de armas, conforme a la Ley Núm. 168-2019, *supra.*

---

[8] Íd., pág. 100.

En adelante, pormenorizaremos el derecho aplicable a la controversia del recurso de epígrafe.

**III.**

**A.**

Según consagra la Segunda Enmienda de la Constitución de los Estados Unidos, "siendo necesario para la seguridad de un estado libre, una milicia bien organizada, no se coartará el derecho del pueblo a poseer y portar armas". Emda. Art. II, **Const. EE. UU.**, LPRA, Tomo 1, ed. 2016, pág. 186. Por medio de la doctrina de incorporación selectiva y la Decimocuarta Enmienda de la Constitución de los Estados Unidos, el Tribunal Supremo de los Estados Unidos ha extendido ese derecho a los estados y a los ciudadanos estadounidenses de los territorios, lo cual incluye a Puerto Rico. *Pueblo v. Rodríguez López et al.,* 210 DPR 752, 766 (2022). Así, ha dispuesto que los derechos de posesión y portación de armas cortas no pueden ser limitados de forma absoluta. Íd., págs. 767; *McDonald v. City of Chicago III,* 561 US 742 (2010).

Ahora bien, al interpretarse la Segunda Enmienda, el Tribunal Supremo de los Estados Unidos ha dejado claro que ese derecho no es ilimitado, ni absoluto, ni significa tener derecho a poseer y portar cualquier arma de cualquier manera y para cualquier propósito. Íd., págs. 767-768; *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 37 (2018). Véase, además, *McDonald v. City of Chicago III,* supra, y *District of Columbia v. Heller,* 554 US 570, 626 (2008). Por ello, ha quedado establecido que el Estado tiene facultad para regular la posesión, portación y venta de armas de fuego. Íd.

En *District of Columbia v. Heller,* supra, el Tribunal Supremo de los Estados Unidos identificó la prohibición de posesión de armas a personas convictas por delitos graves como una de las limitaciones tradicionales a este derecho constitucional que se presumen válidas. A tenor con dicha determinación judicial, la Ley

Núm. 168-2019, *supra*, fue promulgada para, entre otras disposiciones, reglamentar los requisitos generales para solicitar y obtener una licencia de armas en nuestra jurisdicción.

**B.**

La Ley Núm. 168-2019, *supra*, fue aprobada con el propósito de "salvaguardar y proteger los derechos de los ciudadanos americanos residentes en Puerto Rico, mediante una nueva Ley de Armas que sea consistente con la Segunda Enmienda de la Constitución de Estados Unidos [y] con las decisiones del Tribunal Supremo Federal [...]". Véase la Exposición de Motivos de la Ley Núm. 168-2019. Con ello, la legislatura procuró establecer claramente que en Puerto Rico el portar y poseer armas de fuego es un derecho fundamental e individual, como en el resto de los Estados Unidos de Norteamérica. Íd.

De conformidad con esta ley, la Oficina de Licencias de Armas del NPPR es la entidad encargada de expedir las licencias de armas, sin las cuales no se puede poseer o portar un arma de fuego en Puerto Rico. Artículo 1.02 de Ley Núm. 168 de 2019, *supra* sec. 461a. Previo a la emisión de una licencia, esta oficina debe cerciorarse de que la persona interesada en poseer o portar un arma de fuego cumple con una serie de requisitos. Fundamentalmente, esta licencia permite al ciudadano o ciudadana la posesión, tenencia y transportación de armas, con sujeción a ciertos requisitos relacionados con el número, modo de almacenaje, transportación, función gubernamental que desempeña, si alguna, y otros. ***Pueblo v. Rodríguez López***, 210 DPR 752, 763 (2022).

Los Artículos 2.01 a 2.16 de la Ley Núm. 168-2019, *supra* secs. 462a-462o, rigen la expedición de licencias de armas en Puerto Rico. Específicamente, el Artículo 2.02, *supra* sec. 462a, detalla los criterios que debe cumplir una persona interesada en obtener una licencia de armas. El inciso (a) del referido artículo establece

expresamente los requisitos para que se pueda expedir una licencia de armas:

(1) Haber cumplido veintiún (21) años de edad.
(2) **Tener un expediente negativo de antecedentes penales y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero.**
(3) No ser adicto a sustancias controladas o ebrio habitual.
(4) No estar declarado incapaz mental por un Tribunal con jurisdicción.
(5) No haber sido separado de las Fuerzas Armadas de Estados Unidos o del Negociado de la Policía de Puerto Rico bajo condiciones deshonrosas.
(6) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno constituido.
(7) No estar bajo una orden del tribunal, o haber estado en cualquier momento durante los pasados doce meses previos a la fecha de solicitud, que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, algún familiar de este o a persona alguna.
(8) Ser ciudadano o residente legal de Estados Unidos de América.
(9) No ser persona impedida por el "Federal Gun Control Act of 1968" a recibir, transportar o enviar armas de fuego o municiones.
(Énfasis suplido).[9]

Además, los incisos (b) y (c) del Artículo 2.02 de la Ley Núm. 168-2019, *supra*, especifican la información y los documentos que deben incluirse en la solicitud para la expedición de una licencia de armas. Entre estos documentos se encuentran el certificado de nacimiento o pasaporte vigente, copia de la licencia de conducir, dos (2) fotografías de la persona, un certificado negativo de antecedentes penales expedido no más de treinta (30) días previos a la fecha de la solicitud, entre otros. Íd.

Asimismo, el Artículo 2.09 de la Ley Núm. 168-2019, *supra*, sec. 462h, prohíbe que la Oficina de Licencias de Armas expida una licencia de armas a una persona que haya sido convicta en Puerto

---

[9] Véase, además, el Artículo 2.01 del Reglamento para Administrar la Ley de Armas de Puerto Rico 2020, Reglamento Núm. 9172 del Negociado de la Policía de Puerto Rico.

Rico y en cualquier otra jurisdicción estadounidense de cualquier delito grave o su tentativa, o por delito menos grave que conlleve violencia, por conducta constitutiva de violencia doméstica, según tipificada en la *Ley para la prevención e intervención con la violencia doméstica*, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA secs. 601 *et seq.*, por conducta constitutiva de acecho, según tipificada en la *Ley contra el acecho en Puerto Rico*, Ley Núm. 284 de 21 de agosto de 1999, según enmendada, 33 LPRA secs. 4013 *et seq.*, o por conducta constitutiva de maltrato de menores, según tipificada en la *Ley para la seguridad, bienestar y protección de menores*, Ley Núm. 246 de 16 de diciembre de 2011, 8 LPRA secs. 1101 *et seq.*

Respecto al proceso de adjudicación, una vez sometida la solicitud de licencia de armas, la agencia administrativa debe completar una investigación y tomar una decisión sobre la expedición o denegatoria de la licencia en un término no mayor de treinta (30) días naturales, contados a partir de la fecha que se presentó la solicitud. Inciso d(2) del Artículo 2.02, *supra.* Para ello, accederá a los archivos digitales de cualquier agencia gubernamental de Puerto Rico, de Estados Unidos o cualquier subdivisión política de este, de cualquier entidad extranjera o internacional a la que pueda tener acceso, incluyendo los archivos del National Crime Information Center (NCIC), del *National Instant Criminal Background Check System* (NICBCS), el Sistema de Información de Justicia Criminal y el Registro Criminal Integrado. Luego, certificará por escrito si la persona cumple o no, con los requisitos establecidos para la obtención de la licencia. Íd., inciso d(3).

De resultar la investigación realizada por la Oficina de Licencias de Armas de los archivos digitales en una determinación de que la persona no cumple con todos los requisitos establecidos

en la Ley Núm. 168-2019, *supra,* no le será concedida la licencia de armas. Sin embargo, esto no impide que la persona pueda solicitarla nuevamente en un futuro. Íd., inciso d(4).

En cuanto al proceso de reconsideración, la persona interesada en obtener una licencia de armas podrá solicitar a la Oficina de Licencias de Armas una reconsideración dentro de los próximos quince (15) días naturales siguientes a la denegatoria de la otorgación de la licencia, y la agencia tendrá quince (15) días naturales para emitir una determinación y atender la misma. Ahora bien, de sostenerse la denegatoria, o de no emitir ninguna determinación respecto a la reconsideración, la persona podrá acudir al Tribunal de Primera Instancia para la revisión de la decisión administrativa. Íd., inciso d(4).

## IV.

En el presente caso nos corresponde resolver si procede la expedición de una licencia de armas a favor de una persona que fue convicta hace más de treinta (30) años por delitos de Agresión Agravada Grave y Actos Lascivos y que ostenta un certificado negativo de antecedentes penales y obtuvo la eliminación de dicho récord por vía judicial.

A juicio del TPI, el señor Vargas Ramos no tiene derecho a que se le expida la licencia, puesto que sus convicciones por delitos graves le hacen inelegible, conforme al Art. 2.09 de la Ley Núm. 168-2019, *supra*, lo cual fue constatado por una investigación conducida por el NPPR en cumplimiento de los incisos (d)(2) y (d)(3) de ese Artículo.

En desacuerdo, el apelante argumenta que las condenas eliminadas del expediente de antecedentes penales no pueden ser resucitadas para denegar la expedición de la licencia. Arguye lo anterior, pese a reconocer que el texto del Art. 2.09 de la Ley Núm. 168-2019, *supra,* establece que no se expedirán licencias a

convictos por delitos graves en Puerto Rico o cualquier otra jurisdicción estadounidense, toda vez que, según plantea, esa disposición no altera la doctrina que impide resucitar convicciones.

Por su parte, el NPPR aduce que tanto la desestimación, como la denegatoria de la licencia, fueron correctas en derecho, toda vez que la Ley Núm. 168-2019, *supra*, expresamente prohíbe que la agencia conceda una licencia de armas a una persona convicta por delito grave. Al respecto, esboza que la concesión de este permiso no depende únicamente de que el solicitante someta un certificado de antecedentes penales o de una determinación del foro primario respecto a la eliminación de convicciones, sino que requiere el cumplimiento con todos los requisitos del referido estatuto. Esto es, no haber sido convicto por los delitos especificados en el Art. 2.09 de la Ley Núm. 168-2019, *supra*.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, resolvemos que el TPI no incidió en los errores señalados. De acuerdo con las disposiciones de la Ley Núm. 168-2019, *supra*, el señor Vargas Ramos no cumple con los requisitos que le permitirían ser acreedor del derecho a una licencia de posesión y portación de armas. En este respecto, a tenor con la normativa jurídica expuesta precedentemente, el estatuto es claro: la Oficina de Licencia de Armas del NPPR no tiene autoridad en ley para expedir una licencia de armas a favor de una persona que haya sido convicta, en Puerto Rico o en cualquier jurisdicción estadounidense, de cualquier delito grave o su tentativa, entre otros delitos. En este caso, el NPPR demostró que el señor Vargas Ramos fue convicto por el delito grave de Agresión Agravada Grave y por el delito grave de Actos Lascivos, en violación del derogado Código Penal del 1974. Por eso, incumple con la referida disposición, el NPPR válidamente denegó la licencia y el TPI correctamente desestimó la *Petición* promovida por el apelante.

En oposición a esa conclusión, el señor Vargas Ramos cita dos opiniones de nuestro más alto foro: ***Pueblo v. Ortiz Martínez,*** 123 DPR 820 (1989) y ***Muñoz, Torres v. Superintendente Policía,*** 125 DPR 603 (1990). Esto, en aras de persuadirnos de que, al denegar la expedición de la licencia de armas, el NPPR "resucitó" las convicciones del apelante, borradas de sus antecedentes penales.

En ***Pueblo v. Ortiz Martínez,*** supra, se resolvió que la eliminación de la convicción del récord penal tiene efecto sobre todo asunto jurídico pendiente, en el contexto de una convicción anterior como impedimento para una <u>sentencia suspendida</u>. En esa ocasión, concluyó que la convicción eliminada no podía impedir la consideración de la persona para recibir los beneficios de sentencia suspendida.

En ***Muñoz, Torres v. Superintendente Policía,*** supra, se resolvió que la entonces vigente ley de armas, la cual prohibía la expedición de licencias a favor de convictos por varios delitos graves, no tomaba en cuenta los casos en que tales convicciones fueron eliminadas. <u>En ese momento</u>, dispuso que la prohibición no privaba a una persona de obtener la licencia si logró eliminar la convicción de su récord. Al así hacerlo se basó en fundamentos estatutarios, analizando ley de armas vigente en ese momento[10] y *Ley para autorizar a la Policía de Puerto Rico la expedición de certificados de antecedentes penales*, Ley Núm. 254 de 1974, 34 LPRA secs. 1725 *et seq,* (Ley Núm. 254-1974)[11].

Ahora bien, una lectura de ambas decisiones judiciales, a la luz de la vigente Ley Núm. 168-2019, *supra,* no lleva a la conclusión

---

[10] Desde que se decidió ***Muñoz, Torres v. Superintendente Policía,*** supra, se han promulgado dos estatutos para regular las armas en nuestra jurisdicción: la antigua *Ley de Armas de Puerto Rico*, Ley Núm. 404 de 2000, 25 LPRA secs. 455 *et seq.* (Ley Núm. 404-2000), y la vigente Ley Núm. 168-2019, *supra.*

[11] La Ley Núm. 254-1974, *supra,* ha sido enmendada mediante las siguientes leyes: la Ley Núm. 136 de 22 de Julio de 1988, la Ley Núm. 314 de 15 de Septiembre de 2004, la Ley Núm. 224 de 9 de Agosto de 2008, la Ley Núm. 174 de 11 de Agosto de 2011 y la Ley Núm. 56 de 21 de Marzo de 2024.

que propone el apelante. A diferencia del momento en el que se decidieron ambos casos, **la ley actual y aplicable**, así como los requisitos y los mecanismos investigativos que instituye, es distinta. Adviértase que ambas decisiones judiciales fueron emitidas <u>antes</u> de que entrara en vigor la ley vigente. Es decir, el andamiaje estatutario que opera actualmente es marcadamente diferente al que imperaba al momento en que se decidieron los casos citados. Hoy, la Ley Núm. 168-2019, *supra*, incluye la revisión de convicciones en Puerto Rico y cualquier jurisdicción de los Estados Unidos mediante consulta en archivos digitales de cualquier agencia gubernamental a la que pueda tener acceso, incluyendo los archivos del NCIC, el NICBCS, el Sistema de Información de Justicia Criminal y el Registro Criminal Integrado. Por disposición legal, <u>la aparición de una convicción en cualquiera de estos registros es motivo suficiente para la denegatoria de la licencia de armas</u>. Ello, a diferencia de los casos citados por el apelante, no entra en conflicto con la Ley Núm. 254-1974, *supra*, puesto que, desde entonces, la Asamblea Legislativa ha codificado la consideración de convicciones por delito grave, o incluso de historial delictivo, sin distinción de la eliminación de estas del récord del solicitante. Resolver que las disposiciones vigentes de la Ley Núm. 168-2019, *supra*, no pueden ser aplicadas por determinaciones judiciales que se basaron únicamente en las leyes vigentes de su momento sería impermisible y haría caso omiso a los desarrollos posteriores del ordenamiento jurídico aplicable.

Y es que, desde los casos que cita el apelante hasta el presente, nuestro Tribunal Supremo también ha validado que se tome en cuenta el historial delictivo, incluso el violento, del solicitante. En ***Rivera Pagán v. Supte. Policía***, 135 DPR 789 (1994), se validó la denegatoria de una licencia de armas a un solicitante que fue convicto por delitos de tentativa de asesinato, pese a que logró obtener judicialmente la eliminación de dichas

convicciones de su historial penal. En ***Rolón Martínez v. Supte. Policía,*** supra, se validó que, en virtud de la Ley Núm. 404-2000, *supra,* se tomara en cuenta el historial de violencia de los solicitantes al momento de revocar una licencia, independientemente de que la persona haya sido convicta de algún delito.

Resulta palmario que la prohibición de posesión y portación de armas a convictos por delitos graves es una de las limitaciones tradicionales al derecho a portar armas, de carácter reiterado. Por lo que las determinaciones del NPPR y del TPI encuentran apoyo en el derecho aplicable.

Adviértase que ***Muñoz, Torres v. Superintendente Policía,*** 125 DPR 603 (1990), no nos obliga a llegar a una conclusión distinta. Ello a la luz de la sustancial ampliación, entre ahora y entonces, de los delitos que son susceptibles de ser "borrados" del récord de una persona y el lenguaje tajante y abarcador de la nueva ley de armas, en lo concerniente a la prohibición de otorgar licencias de armas a quien ha sido condenado(a) por determinados deiltos. Adviértase, por ejemplo, que, anteriormente, no podía eliminarse del récord un delito que implicase depravación moral, mientras que, bajo la ley actual, ello ya no es impedimento para que se otorgue un certificado negativo de antencedentes penales. Aunque, como cuestión de política pública, la Asamblea Legislativa tiene la potestad de tomar medidas para facilitar la re-inserción en la comunidad de quien antes fue condenado(a) por un delito, también tiene la potestad de velar por la seguridad pública, a través de restricciones razonables como la aquí aplicable al apelante. La interacción de la ley 254-1974, según enmendada, supra, con otras leyes resultará en que, en ocasiones como la presente, la conclusión más razonable, y cónsona con la intención legislativa, sea que una condena, de otro modo "borrada" del récord

de una persona, sí podrá tomarse en consideración en determinados y específicos contextos.

Por todo lo anterior, corresponde confirmar la *Sentencia* apelada.

**V.**

Por los fundamentos pormenorizados, se *confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones. El Juez Rodríguez Flores disiente y emite la siguiente expresión:

En *Pueblo v. Ortiz Martínez* 123 DPR 820, 829, (1989), se discutió que, la razón principal que animó la aprobación del estatuto sobre eliminación de antecedentes penales, fue el reconocimiento legislativo de que el ser humano muchas veces supera aquellas actuaciones y conductas ilegales del pasado, y que compete al Estado proveer los mecanismos necesarios para una total rehabilitación. Su efecto principal es borrar las consecuencias jurídicas y socioeconómicas que en nuestra sociedad representa la existencia permanente de un récord penal.

Visto lo anterior, la hermenéutica legal e integración coherente de las legislaciones, me llevan a concluir que los delitos graves que son eliminados en virtud del Artículo 4 de la Ley Núm. 254 de 27 de junio de 1954, según enmendada, 34 LPRA sec. 1725a-2, no pueden a su vez ser considerados por el Artículo 2.09 de la Ley Núm. 168-2019, según enmendada, 25 LPRA sec. 462h, para rehusar expedir licencias de armas.

Mi voto hubiera sido distinto si del expediente apelativo hubiese surgido alguna investigación policiaca fundamentada que ponga en tela de juicio la buena reputación del señor Vargas Ramos o que hubiese manifestado conductas violentas o delictivas.

No podemos olvidar, que para que sea viable la eliminación de las convicciones, conforme al Artículo 4 (b) de la Ley Núm. 254 de 27 de junio de 1954, *supra*, el solicitante tiene que tener una buena reputación en su comunidad, entre otros requisitos.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones