Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JOSÉ M. PUIGDOLLERS VEGA<br><br>RECURRENTE<br><br>v.<br><br>NEGOCIADO DE LA POLICÍA DE PUERTO RICO<br><br>RECURRIDO | KLRA202400698 | *Revisión Judicial* procedente del Departamento de Seguridad Pública Negociado de la Policía de Puerto Rico<br><br>Caso Núm. SAIC-NILIAF-DRAEL-7-1874<br><br>Sobre: Revocación Licencia de Armas 158806 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 20 de febrero de 2025.

### I.

El 20 de diciembre de 2024, José M. Puigdollers Vega (señor Puigdollers Vega o recurrente) presentó el *Recurso de Revisión* solicitando que revoquemos la *Resolución* emitida por el Negociado de la Policía de Puerto Rico (NPPR o parte recurrida) el 31 de octubre de 2024 y notificada mediante depósito en el correo el 7 de noviembre de 2024. En el dictamen, el NPPR revocó la licencia de armas del recurrente por haber sido convicto, en dos casos, de infringir el Art. 404(B) de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 1971, según enmendada, 24 LPRA sec. 2404, (Ley Núm. 4-1971).[1]

El 13 de noviembre de 2024, el recurrente radicó una *Moción de Reconsideración* en la que señaló el NPPR no emitió una

---

[1] Apéndice del Recurso de Revisión Judicial, Anejo 2, págs. 6-9.

determinación conforme a derecho.[2] La agencia no se expresó en relación a la misma dentro de los quince (15) días de presentada por lo que se entendió rechazada de plano.

El 14 de enero de 2025, emitimos una *Resolución* en la que le concedimos a la parte recurrida hasta el 20 de enero de 2025 para presentar su alegato en oposición.

El 17 de enero de 2025, el NPPR radicó una *Solicitud de término* en la que nos solicitó que le concediéramos una prórroga de veinte (20) días adicionales para presentar su oposición al recurso.

El 28 de enero de 2025 emitimos una *Resolución* en la que le concedimos a la parte recurrida hasta el 3 de febrero de 2025 para presentar su oposición.

El 3 de febrero de 2025, el NPPR presentó un *Escrito en cumplimiento y solicitud de desestimación,* en que solicitó que devolviéramos el caso para la notificación oportuna del señor Puigdollers Vega.

El 11 de febrero de 2025, el señor Puigdollers Vega radicó *Réplica a solicitud de desestimación* solicitando que revoquemos el dictamen emitido por el NPPR debido a que desconoce el fundamento por el que fue revocada su licencia de armas. Alega que lo que solicitó fue una renovación de licencia y no una solicitud nueva de expedición de arma.

**II.**

El caso de marras tiene su génesis cuando el recurrente presentó el 28 de septiembre de 2023 una solicitud de renovación de su licencia de armas (Licencia Núm.158806), Licencia de tiro al blanco, (Licencia Núm. 201870) y Licencia de portación de Tribunal (Licencia Núm. CA2019CV00608). No obstante, en atención a su solicitud, el NPPR revocó su licencia de armas a consecuencia de

---

[2] Íd., Anejo 3, págs. 10-20.

que el señor Puigdollers Vega no cumplió con los requisitos establecidos en el Art. 2.09 de la *Ley de Armas de Puerto Rico de 2020*, Ley Núm. 168 del 2019, según enmendada, 25 LPRA sec. 462d, (Ley Núm-168-2019) para mantener su licencia de armas.[3] A su vez, el recurrente adujo que en la misiva el NPPR no le indicó bajo cual inciso del Art. 2.09 de la Ley Núm. 168-2019, *supra*, fundamentó su decisión.

El 9 de noviembre de 2024 el señor Puigdollers Vega presentó una *Solicitud de Vista Administrativa* al no estar de acuerdo con la decisión del NPPR en revocarle su licencia.[4] El recurrente alegó que no le son de aplicación los impedimentos establecidos en el Art. 2.09 de la Ley Núm. 168-2019, *supra,* por lo que no estaba vedado de poseer la licencia de armas. Ante el desconocimiento del fundamento por el que le revocaron la licencia de armas, solicitó una vista administrativa ante un Juez Administrativo.

Así las cosas, el 14 de mayo de 2024, fue celebrada la vista administrativa.[5] En el presente recurso, el recurrente alegó que la vista administrativa fue presidida por un Oficial Examinador y no compareció ningún funcionario del NPPR por lo que no se presentó prueba testifical por el NPPR. Asimismo, el señor Puigdollers Vega esbozó que presentó los siguientes documentos en la vista administrativa:

> Exhibit I- PPR-515- Recibo de entrega de documentos para renovación de licencia de armas, sellado por el NPPR.
> Exhibit II- Resolución de eliminación de antecedentes penales y ordenando devolución de fotos y huellas, caso número FJV2016-0917, con fecha de 13 de octubre de 2016.
> Exhibit III-Licencia de portación del Estado de Florida del Peticionario, la cual se encuentra vigente.

Según el recurso ante nos, el Exhibit I versaba sobre la solicitud de renovación que presentó el recurrente ante el NPPR. En cuanto al Exhibit II, el recurrente señaló que, el Oficial Examinador

---

[3] Íd., Anejo 1, pág. 4
[4] Íd., Anejo 1, págs. 1-5.
[5] Íd., Anejo 2, pág. 6.

tomó conocimiento oficial sobre la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI) la cual ordenaba que se le eliminaran los delitos imputados de sus antecedentes penales y se le devolvieran sus huellas y fotografías. Por último, en cuanto al Exhibit III, el recurrente presentó varios documentos para demostrar que ha aprobado los cotejos federales para poseer armas.

El 31 de octubre de 2024, el NPPR emitió una *Resolución,* notificada el 7 de noviembre de 2024 mediante depósito en el correo, en la que declaró No Ha Lugar la petición del recurrente para que se le restituyese su licencia de armas. A esos efectos aludió que el recurrente fue convicto por violación al Art. 404(B) de la Ley Núm. 4-1971, *supra,* por lo que ameritaba revocar su licencia de armas. Consecuentemente, indicó que, el señor Puigdollers Vega incumplió con los requisitos para poseer un arma de fuego debido a que fue convicto de cometer más de un delito grave.[6]

Insatisfecho con la *Resolución,* el 13 de noviembre de 2024, el recurrente presentó una *Moción de Reconsideración.* En la que adujo que tenía autorización para tener la licencia de armas conforme a la *Resolución* emitida por el TPI. Cónsono con lo anterior, la referida *Resolución* fue emitida posterior a los delitos imputados al señor Puigdollers Vega. A su vez, alegó que estaba en derecho de poseer y portar armas, puesto que sus condenas fueron eliminadas de su expediente.[7] No obstante, la agencia no atendió la *Moción de Reconsideración* dentro del término establecido conforme la Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 38 de 2017, según enmendada, 3 LPRA sec. 9601, *et.seq.*

---

[6] Íd., Anejo 2, págs. 6-9.
[7] Íd., Anejo 3, págs. 10-20.

Inconforme con el dictamen emitido el señor Puigdollers Vega acudió ante nos y le imputó al NPPR la comisión de los siguientes errores:

> Erró la Policía de Puerto Rico al emitir una Resolución, luego de celebrada una vista administrativa, sin incluir determinaciones de hechos ni de derecho, en violación a la LPAU y el Reglamento 6244.
>
> Erró la Policía de Puerto Rico al revocar la licencia de armas del recurrente, cuando no se presentó prueba para sostener tal revocación.
>
> Erró la Policía de Puerto Rico al revocar la licencia de armas del recurrente por motivo de este haber tenido convicción de delito, cuando dichas convicciones fueron eliminadas conforme a derecho.
>
> Erró la Policía de Puerto Rico al revocar la licencia de armas, tomando en consideración convicciones eliminadas, contrario a lo resuelto en ***Muñoz Torres v. Superintendente,*** 125 DPR 603 (1990) y otros.

En síntesis, el recurrente indicó que el NPPR incumplió en esbozar sus determinaciones de hecho y de derecho en la *Resolución* conforme el Art. 3.14 de la LPAU, *supra* sec. 9654 y el Art. 23(B) del *Reglamento para la Celebración de Vistas Administrativas sobre Licencias de Tener y Poseer Armas de Fuego, Tiro al Blanco, Explosivos, Detectives Privados, y Portación como Funcionario Público*, Reglamento Núm. 6244, Negociado de la Policía de Puerto Rico, del 19 de diciembre de 2000, (Reglamento Núm. 6244). Asimismo, el recurrente alegó que la parte recurrida violentó el Art. 19 del Reglamento Núm. 6244, *supra*, puesto que ningún agente compareció para sustentar la determinación del NPPR. Además, sostuvo que, varios estatutos establecen que no se le debe denegar a una persona la licencia de armas si le fueron eliminadas las condenas anteriores en sus antecedentes penales. Según argumentó, en cumplimiento con lo establecido en la *Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal*, Ley Núm. 143 del 2014, según enmendada, 4 LPRA sec. 533, *et. seq*, el recurrente

acudió al TPI en el que se celebró una vista con la comparecencia de un Fiscal quien dio la anuencia para eliminar las condenas anteriores del recurrente y luego el foro primario lo decretó. De igual modo, el recurrente señaló que en su Certificación de Antecedentes Penales no se refleja las condenas anteriores debido a que fueron eliminadas. Consecuentemente, arguye que el NPPR no puede conservar la información de sus condenas anteriores por haberse eliminado.

El 3 de febrero de 2025, el NPPR presentó *Escrito en cumplimiento y solicitud de desestimación*, en que enfatizó que el derecho a portar armas no es uno absoluto y se les ha encomendado la facultad de regular los trámites relacionados a la expedición de las licencias de armas. Según expresó, fundamentó su decisión en que el Comisionado de la Policía no concederá una licencia de armas cuando de los archivos digitales de alguna agencia surja que la persona solicitante incumplió con los requisitos establecidos en los Arts. 2.02 y 2.09 Ley Núm. 168 del 2019, *supra.* Empero, la parte recurrida aclaró que cometieron un error en la notificación debido a que su determinación fue <u>denegar</u> la solicitud de renovación de la licencia de armas y no revocarla. Así las cosas, el NPPR admitió que incumplió en notificar adecuadamente su dictamen en atención a la solicitud de renovación del recurrente. Al respecto, argumentó que en los casos en que se deniegue una solicitud de licencia de armas como en el caso de autos, el peticionario debe acudir a la Oficina de Licencia de Armas y luego, de quedar insatisfecho, debe acudir al TPI para solicitar una revisión administrativa. Consecuentemente, el NPPR solicitó que el caso sea devuelto para notificarle el dictamen oportunamente al señor Puigdollers Vega con las debidas advertencias y los términos correspondientes para salvaguardar su debido proceso de ley.

El 11 de febrero de 2025, el recurrente radicó una *Réplica a Solicitud de Desestimación*. En la misma argumentó que lo que solicitó fue una renovación de licencia y no una solicitud de nueva expedición de arma.

**III.**

**A.**

La Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico establece que, ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes. Art II, Sec. 7, **Const. ELA** [Const. PR], LPRA, Tomo 1. El debido proceso de ley ha sido definido como "el derecho que tiene toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el ámbito administrativo." ***Aut. Puertos v. HEO***, 186 DPR 417, 428 (2012). Así pues, se ha reconocido varias garantías que conforman el debido proceso de ley como lo es: la concesión de una vista previa; una notificación oportuna y adecuada; el derecho a ser oído; el derecho a confrontarse con los testigos en su contra; el derecho a presentar prueba oral y escrita a su favor y, además, la presencia de un adjudicador imparcial. ***Henríquez v. Consejo Educación*** Superior, 120 DPR 194, 202 (1987). Cónsono con lo anterior, la sección 3.1 de la LPAU establece que:

> En todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos:
> (A) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.
> (B) Derecho a presentar evidencia.
> (C) Derecho a una adjudicación imparcial.
> (D) Derecho a que la decisión sea basada en el expediente.

Íd. 3 LPRA sec. 9641.

El Tribunal Supremo ha expresado que la garantía del debido proceso de ley presupone una notificación que se distinga como "real, efectiva, ajustada a los preceptos estatutarios aplicables."

*Vendrell López v. AEE*, 199 DPR 352, 360 (2017); *Río Const. Corp. v. Mun. de Caguas*, 155 DPR 394, 412 (2001). La obligación de notificación adecuada está basada en que la ausencia notificación puede imposibilitar que se tramiten los remedios posteriores al dictamen que forma parte del debido proceso de ley. *Vélez Seguinot v. AAA*, 164 DPR 772, 794 (2005). Cónsono con lo anterior, el Tribunal Supremo ha expresado que de un parte no ser notificada adecuadamente de su derecho a revisión judicial, no se le pueden aplicar los términos para recurrir. *Horizon v. JTA. Revisora, RA Holdings*, 191 DPR 228, 235 (2014). En caso de que se haya efectuado una notificación errónea relacionada con la revisión de una determinación administrativa, se le debe conceder tiempo a la parte perjudicada para que ejerza su derecho a revisión judicial o atender el recurso de revisión ya presentado, siempre que no haya mediado incuria. *Horizon v. JTA. Revisora, RA Holdings*, supra, pág. 235-36.

## IV.

En el caso de marras, el NPPR emitió una *Resolución* indicando que revocó la licencia de armas del señor Puigdollers Vega por incumplir con lo establecido en el Art. 2.09 de la Ley Núm. 168-2019, *supra.*

Inconforme, el recurrente alegó que el NPPR erró en revocarle su licencia de armas puesto que no le son de aplicación los impedimentos establecidos en el referido artículo porque se le eliminaron de su récord sus condenas anteriores. No obstante, la parte recurrida admitió ante esta Curia que notificó erróneamente porque correspondía <u>denegar</u> la renovación de la licencia de armas y no revocarla. Nos solicitó que se devolviera el caso para emtir la notificación correcta, conforme a derecho.

Tras un análisis objetivo, cuidadoso y sereno del expediente, determinamos que corresponde devolver el caso ante la agencia recurrida.

Adviértase que, el NPPR notificó el dictamen erróneamente al recurrente puesto que su determinación fue **denegar** la solicitud de la licencia de armas y no revocarla. Consecuentemente, se le privó al recurrente de poder ejercer adecuadamente su derecho de revisión. Así las cosas, el NPPR está obligado a notificar nuevamente al recurrente su decisión para que este pueda ejercer los términos aplicables para poder impugnar la determinación de la parte recurrida ante el foro con jurisdicción.

Por los fundamentos antes expuestos, procede devolver el caso al NPPR para que notifique la determinación adecuadamente al señor Puigdollers Vega su dictamen en cuanto a la solicitud de renovación de la licencia de armas.

**V.**

Por los fundamentos pormenorizados, desestimamos el recurso de epígrafe y devolvemos el caso a la agencia para que notifiquen adecuadamente al recurrente conforme al debido proceso de ley.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones